IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| Plaintiff, | § § § |
| | §  Criminal No. 3:18-CR-006-D(04) |
| VS. | § § |
| JAMES DAYTON ANDERSEN, | § § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

Defendant James Dayton Andersen ("Andersen") moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act of 2018. In his motion, he requests appointed counsel. For the following reasons, the court denies Andersen's motion under § 3582(c)(1)(A)(i) and his request for appointed counsel.

I

Andersen pleaded guilty to possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B). On April 5, 2019 the court sentenced him to 360 months' imprisonment to be followed by 4 years of supervised release. The Fifth Circuit dismissed Andersen's sentence appeal as frivolous. Andersen now moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act of 2018 based on alleged extraordinary and compelling circumstances. D. Mot. 1. The government opposes the motion.

II

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[*] When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). To be clear, the court does *not* consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

---

[*]Andersen contends that he has exhausted his administrative remedies within the BOP and attaches as an exhibit to his motion a copy of what appears to be a request to the Warden for compassionate release. D. Mot. 2 & Ex. A. Based on this exhibit, the court will assume *arguendo* that Andersen has exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

III

Andersen contends that extraordinary and compelling circumstances warrant a 180-month reduction in his "unusually long sentence." D. Mot. 3; *see also* D. Reply 1. He argues, *inter alia*, that a "disparity . . . now exists between methamphetamine mixture and ice" D. Mot. 18; that the court should "recalculat[e] . . . the methamphetamine weight cited in this case," *id.* at 17; that several codefendants in this case received lower sentences (ranging from 210 to 240 months) even though they were more culpable; that although he did not cooperate, he did plead guilty and accept responsibility for his actions; and that the court should consider his post-conviction rehabilitation efforts, which include taking college courses and completing the BOP Life Connections Program as an "Honor Graduate."

Assuming *arguendo* that Andersen has shown an extraordinary and compelling reason, the court concludes below that his motion should be denied after considering the § 3553(a) factors. *See, e.g.*, United States v. Rudzavice, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

IV

The court now considers the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C.

§] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.).

"When a district court denies a motion for compassionate release, it must give '"specific factual reasons" for its decision.'" *United States v. Stanford*, 79 F.4th 461, 462 (5th Cir. 2023) (quoting *United States v. Handlon*, 53 F.4th 348, 351 (5th Cir. 2022)). In this case, Andersen is currently serving a 360-month sentence for possessing with the intent to distribute large amounts of methamphetamine, a drug that is extremely deleterious to users and the community at large. His guideline range was enhanced because he possessed firearms. PSR ¶ 39. At the time of sentencing, he fell into criminal history category IV based on multiple prior adult convictions including for battery, burglary, possession of a firearm by a felon, and driving while intoxicated. He is not eligible for release from prison until October 11, 2042. If the court grants Andersen's motion, it will be ordering him

released more than *18 years* before he would otherwise be eligible and before he has served even half of his sentence. Not only would Andersen's release not be in the interest of justice, it would minimize the seriousness of his crimes and would fail to afford adequate deterrence to this type of criminal conduct. *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct'").

Concerning the need to protect the public from future crimes, Andersen fails to provide any evidence that he is not a danger to the community. *See United States v. Crandle*, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release."). Moreover, the undersigned as the sentencing judge is aware of Andersen's relevant offense conduct, including his multiple prior criminal convictions, and finds that he would pose a danger to the public if granted an early release. *See United States v. Keys*, 846 Fed. Appx. 275, 276 (5th Cir. 2021) (per curiam) (holding that district court did not abuse its discretion by relying on defendant's 30-year-old bank-robbery conviction when denying motion for compassionate release despite defendant's contention that his post-sentencing conduct showed he was no longer a danger to the public).

Weighing the pertinent § 3553(a) factors together, the court concludes that Andersen's sentence should not be reduced under 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for

compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

V

In his motion, Andersen requests appointed counsel. But a defendant has no constitutional right to appointed counsel in pursuing a motion of this type. *See United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995). The decision whether to appoint counsel is within the court's discretion. *Id*. at 1011. Because Andersen has failed to provide the court any grounds that persuade it to exercise its discretion to appoint counsel, the court denies his request.

\* \* \*

Accordingly, for the reasons explained, the court denies Andersen's motion for a reduction of sentence and request for appointed counsel.

**SO ORDERED**.

May 23, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE